UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RES-NV ONE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CELEBRATE PROPERTIES, LLC., et al.,<br><br>    Defendants. | 2:11-CV-606 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff Res-NV One, LLC's motion for default judgment. (Doc. #28). On June 28, 2011, the clerk entered default against Celebrate Properties, LLC. (Doc. #8). On August 30, 2011, the clerk entered default against Steven R. Rosenberg. (Doc. #21). On October 12, 2011, the clerk entered default against Harry H. Shull. (Doc. #26).

Plaintiff seeks default judgment against defendants, in the amount of $3,994,466.08 and interest accruing from the date of entry of the default judgment. This amount includes actual damages, attorney's fees, and costs. (Doc. #28).

However, before analyzing the motion for default judgment, the court first must determine whether it has subject-matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, and "[t]hey possess only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

**James C. Mahan**
**U.S. District Judge**

Federal courts are "presumed to lack jurisdiction . . . unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, the party asserting diversity jurisdiction bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The complaint asserts that this court has subject-matter jurisdiction "pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1332(a)." (Doc. #1). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While plaintiff has alleged federal-question jurisdiction pursuant to 28 U.S.C. § 1331, it is unclear from the face of the complaint how plaintiff's claims arise under the Constitution or laws of the United States. Thus, plaintiff has not adequately established the basis for federal-question jurisdiction in the complaint.

Accordingly, the court determines whether it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which was also pled as a basis for subject-matter jurisdiction in the complaint. (Doc. #1). This diversity subject-matter jurisdiction analysis is further supported by the factual allegations in the complaint, which revolve around the facts necessary to support diversity jurisdiction. (*See* Doc. #1).

Plaintiff is a limited liability company wholly owned by Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"). (Doc. #1). The Federal Deposit Insurance Corporation (the "FDIC") is one of the two members of Multibank for purposes of diversity jurisdiction. (Docs. #1).

The motion for default recognizes that this court has dismissed several other similar cases for lack of subject-matter jurisdiction due to the involvement of the FDIC. (Doc. #28, citing *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL; *RES-NV APC, LLC v. Astoria Pearl Creel, LLC, et. al.*, 2:11-cv-00381-LDG-RJJ). These cases present similar fact patterns and similar parties to the case currently before the court. In both of those cases, the court held that it lacked subject-matter jurisdiction because the FDIC's status as a federally chartered bank destroys

James C. Mahan
U.S. District Judge

- 2 -

1  diversity citizenship.

2  Plaintiff points out that reconsideration motions have been filed in each of the above-
3  referenced cases, and states that it believes that "after reviewing the motions in the parallel cases,
4  the [c]ourt will determine that it does in fact have subject matter jurisdiction over those actions, and
5  has subject matter jurisdiction in this case, as well." (Doc. #15). On December 30, 2011, this court
6  ruled on the reconsideration motion in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-
7  1084-JCM-PAL. The court held that "it is apparent that the FDIC is a member of Multibank; thus
8  diversity jurisdiction is destroyed." *Id.* at doc. #79. Accordingly, this court was not convinced by
9  the reconsideration arguments.

10  Similar to the court's finding in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-
11  1084-JCM-PAL, the court finds that it lacks subject-matter jurisdiction in the case at bar. The
12  involvement of the FDIC precludes the court from exercising diversity jurisdiction.

13  As this court stated in its reconsideration order in *RES-NV TVL, LLC v. Towne Vistas, LLC,*
14  *et. al.*, 2:10-cv-1084-JCM-PAL, "this court is guided by current precedent and applies the law as it
15  interprets it. Overturning precedent and setting policy falls within the sound discretion of the Ninth
16  Circuit." *Id.* at doc. #79.

17  Accordingly,

18  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case of *RES-NV One,*
19  *LLC v. Celebrate Properties LLC, et. al.*, 2:11-cv-00606-JCM-CWH be, and the same hereby is,
20  DISMISSED for lack of subject-matter jurisdiction.

21  DATED January 31, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -