# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RES-NV ONE, LLC,

        Plaintiff,

v.

CELEBRATE PROPERTIES, LLC., et al.,

        Defendants.

2:11-CV-606 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Res-NV One, LLC's motion for default judgment. (Doc. #28). On June 28, 2011, the clerk entered default against Celebrate Properties, LLC. (Doc. #8). On August 30, 2011, the clerk entered default against Steven R. Rosenberg. (Doc. #21). On October 12, 2011, the clerk entered default against Harry H. Shull. (Doc. #26).

Plaintiff seeks default judgment against defendants, in the amount of $3,994,466.08 and interest accruing from the date of entry of the default judgment. This amount includes actual damages, attorney's fees, and costs. (Doc. #28).

However, before analyzing the motion for default judgment, the court first must determine whether it has subject-matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, and "[t]hey possess only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

**James C. Mahan**
**U.S. District Judge**

Federal courts are "presumed to lack jurisdiction . . . unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, the party asserting diversity jurisdiction bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The complaint asserts that this court has subject-matter jurisdiction "pursuant to 28 U.S.C. § 1331 and/or 28 U.S.C. § 1332(a)." (Doc. #1). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While plaintiff has alleged federal-question jurisdiction pursuant to 28 U.S.C. § 1331, it is unclear from the face of the complaint how plaintiff's claims arise under the Constitution or laws of the United States. Thus, plaintiff has not adequately established the basis for federal-question jurisdiction in the complaint.

Accordingly, the court determines whether it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), which was also pled as a basis for subject-matter jurisdiction in the complaint. (Doc. #1). This diversity subject-matter jurisdiction analysis is further supported by the factual allegations in the complaint, which revolve around the facts necessary to support diversity jurisdiction. (*See* Doc. #1).

Plaintiff is a limited liability company wholly owned by Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"). (Doc. #1). The Federal Deposit Insurance Corporation (the "FDIC") is one of the two members of Multibank for purposes of diversity jurisdiction. (Docs. #1).

The motion for default recognizes that this court has dismissed several other similar cases for lack of subject-matter jurisdiction due to the involvement of the FDIC. (Doc. #28, citing *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL; *RES-NV APC, LLC v. Astoria Pearl Creel, LLC, et. al.*, 2:11-cv-00381-LDG-RJJ). These cases present similar fact patterns and similar parties to the case currently before the court. In both of those cases, the court held that it lacked subject-matter jurisdiction because the FDIC's status as a federally chartered bank destroys

diversity citizenship.

Plaintiff points out that reconsideration motions have been filed in each of the above-referenced cases, and states that it believes that "after reviewing the motions in the parallel cases, the [c]ourt will determine that it does in fact have subject matter jurisdiction over those actions, and has subject matter jurisdiction in this case, as well." (Doc. #15). On December 30, 2011, this court ruled on the reconsideration motion in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL. The court held that "it is apparent that the FDIC is a member of Multibank; thus diversity jurisdiction is destroyed." *Id.* at doc. #79. Accordingly, this court was not convinced by the reconsideration arguments.

Similar to the court's finding in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL, the court finds that it lacks subject-matter jurisdiction in the case at bar. The involvement of the FDIC precludes the court from exercising diversity jurisdiction.

As this court stated in its reconsideration order in *RES-NV TVL, LLC v. Towne Vistas, LLC, et. al.*, 2:10-cv-1084-JCM-PAL, "this court is guided by current precedent and applies the law as it interprets it. Overturning precedent and setting policy falls within the sound discretion of the Ninth Circuit." *Id.* at doc. #79.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case of *RES-NV One, LLC v. Celebrate Properties LLC, et. al.*, 2:11-cv-00606-JCM-CWH be, and the same hereby is, DISMISSED for lack of subject-matter jurisdiction.

DATED January 31, 2012.

_____
UNITED STATES DISTRICT JUDGE